HUGH CONAUGHTY, Appellant, *v.* THE SARATOGA COUNTY BANK, Respondent.

The provision of the Code of Civil Procedure (§ 3253), in reference to extra allowances of costs, simply authorizes such an allowance in an action wherein rights of property are involved and a pecuniary value may be predicated of the subject-matter; the importance of a litigation in any other than its pecuniary aspect affords no basis for the allowance, and when no money judgment is asked or rendered and the "subject-matter involved" is not capable of a money value, or the value is not shown, the allowance is not authorized.

The term "subject-matter involved" refers simply to property or other valuable thing, the possession, ownership or title to which is to be determined by the action, it does not include other property although it may be directly or remotely affected by the result.

Within the limitations fixed by said provision the power of the court below to make allowances is not subject to review here; but the question whether an allowance exceeds those limitations is one of law, proper to be considered by this court.

In an action, therefore, brought to restrain a corporation from the exercise of its corporate franchises, *held*, that the subject-matter involved was simply the corporate franchises, not its capital and moneyed assets, that in the absence of any evidence as to the money value of those franchises, an extra allowance was improper, and that an order allowing it was reviewable here.

*Conaughty* v. *Saratoga County Bank* (28 Hun, 373), reversed.

(Argued May 1, 1883 ; decided May 8, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made November 21

1882, which affirmed an order of Special Term granting to defendant an extra allowance.   (Reported below, 28 Hun, 373.)

This action was brought to restrain defendant from the further exercise of its franchises and privileges on the ground of certain specified violations of the law under which it was organized.   The defendant succeeded in the action.   The value of the moneyed assets of the defendant after payment of its debts was found to be $100,000; aside from this no evidence was given as to the value of the franchises; an extra allowance of $1,000 was granted.

*Esek Cowen* for appellant.   An extra allowance can only be granted on the value of the subject-matter involved, where the title to some tangible property is controverted in the action, and the judgment vests or confirms such title either as to the absolute ownership or as to use and enjoyment in the successful party.   (*Potter* v. *Farrington*, 24 Hun, 521; *Struthers* v. *Pearce*, 51 N. Y. 365; *Browning* v. *Vanderhoven*, 55 How. 97; *Weaver* v. *Ely*, 83 N. Y. 89; *Rothery* v. *N. Y. Rubber Co.*, 24 Hun, 172.)   When the action affects only intangible rights of the parties having no definite, ascertainable value, the value of the property over, or as to which those rights have been, or are to be exercised, is not the proper basis of an allowance of costs.   (*Atlantic Dock Co.* v. *Libby*, 45 N. Y. 499; *People* v. *N. Y. & S. I. Ferry Co.*, 68 id. 72; *People* v. *A. & S. R. R. Co.*, 5 Lans. 25.)   The franchise of a corporation is like any other mere right to do business and make a profit if you can, incapable of a money measurement, and if it were so capable there is no proof on the subject in this case. (*State R. R. Tax Cases*, 92 U. S. 575.)

*Nathaniel C. Moak* for respondent.   The order is not appealable to this court, no appeal having been taken from the judgment.   (*Comins* v. *Board*, 64 N. Y. 626; *People* v. *Boardman*, 41 id. 362; *People* v. *Lewis*, 28 How. Pr. 470; *McClure* v. *Supv'rs*, 4 Abb. Pr. [N. S.] 202.)   The court properly granted the extra allowance.   (2 R. S. 463–464, §§

39–42; 2 Edm. St. 484; 1 R. S. 589, §§ 1, 2, 3, 4; 1 Edm. Stat. 547–8; Laws of 1838, p. 252, §§ 27–8; Laws of 1841, p. 357; Laws of 1843, p. 300, § 4, as amended by Laws of 1847, p. 520, § 2; Code of Civil Procedure, §§ 1207, 3253; *Durand* v. *Hankerson*, 39 N. Y. 287; *Wright* v. *Wright*, 54 id. 437; *Murtha* v. *Curley*, 15 W'kly Dig. 561.) The value of the property directly to be affected by the·result of an action is the proper basis for an extra allowance. (*People* v. *Albany, etc.*, 16 Abb. 465.) The word "involved" means "affected," and where the question was whether certain property should be taken from defendant, the value of such property was involved. (*Williams* v. *West. Union, etc.*, 1 Civ. Pro. R. 194; 61 How. Pr. 305; *Burke* v. *Candee*, 63 Barb. 552, 553–4; *Sickels* v. *Richardson*, 14 Hun, 110; *Latimer* v. *Livermore*, 72 N. Y. 174, 183; *Comins* v. *Board, etc.*, 64 id. 626; Affirming 3 T. & C. 296, 298, note; *Howes* v. *Garrison*, 1 N. Y. Monthly Law Bulletin, 83; *Saratoga, etc.*, v. *McCoy*, 9 How. Pr. 339, 341; *Morrison* v. *Agate*, 20 Hun, 23, 25; *Backus* v. *Hathorne*, 17 id. 87, 90–1.) No one of the stockholders, nor all combined, as such, had any individual interest in or title to the property and assets of the corporation. (*Mickles* v. *City B'k*, 11 Paige, 119, 127–8; affirmed, id. 129, note; *Central, etc.*, v. *Walker*, 66 N. Y. 428; *Darlington* v. *Mayor*, 31 id. 197; *Detroit* v. *Mutuals, etc.*, 43 Mich. 594, 600–3; Field on Corporations, §§ 127–8; *Bank* v. *Bank U. S.*, 7 Penn. L. J. 129; 4 id. [Clarke's], bottom paging; *McCulloch* v. *Moss*, 5 Denio, 567, 575; *Bradley* v. *Bauder*, 36 Ohio St. 35.)

RUGER, Ch. J. Extra allowances to the successful party in a litigation are regulated by statute, and must be governed strictly by the provisions of the law authorizing them. Among the cases in which it is provided that they may be granted are " difficult and extraordinary cases," and in this respect this case is within the provisions of the statute. The amount of such allowance cannot in any case exceed the sum of $2,000, and is further limited to a sum not exceeding five per centum

"upon the sum recovered, or claimed, or the value of the subject-matter involved." (§ 3253, Code of Civil Pro.) This section plainly contemplates a litigation wherein rights of property are involved and values may be predicated of the subject and limits the allowance to a percentage upon the pecuniary value of the subject. Within these limitations the power of the court below to make allowances is not subject to review in this court, but when they exceed them, an appeal presents a question of law for our consideration.

In the present case no sum having been claimed or recovered by either party, the right to an allowance is based altogether upon the value of the subject-matter involved in the action.

In the determination of this question the pleadings furnish the sole evidence as to what was the subject-matter involved, and the value of such matter can be arrived at only by competent evidence tending to establish the fact.

The language of the statute is plain and unambiguous and cannot be strained by construction to cover cases not within its terms. The importance of a litigation in any other than its pecuniary aspects does not afford the basis of an extra allowance, and although a litigation may seem to come within the spirit of the provisions if the subject involved is not capable of a money value, or the value is not shown, an allowance is not authorized. (*People* v. *Albany and Susquehanna R. R. Co.*, 5 Lans. 35.) It is apparent that the word involved is used in a legal sense, and means the possession, ownership or title to property or other valuable thing which is to be determined by the result of the action. It does not mean the property which may be either directly or remotely affected by the result, as such a rule would from its vagueness, and uncertainty be impracticable in application. The cases uniformly seem to sustain this view.

Thus in an action to determine the validity of a lease of a railroad, which involved the right to its possession and use, it was held that the subject-matter involved was the value of the lease and not of the railroad or its rental value. (*O. & L. C. R. R. Co.* v. *Vt. C. R. R. Co.*, 63 N. Y. 176.) In an action by

a legatee to compel an accounting by an executor and the dis-
tribution of the estate, it was held that the value of the
legatee's interest was the subject-matter involved, and as the
estate proved to be insufficient to pay more than the debts, an
allowance was held unauthorized. ( *Weaver* v. *Ely*, 83 N:
Y. 89.)

Where a party instituted an action to establish his right to
one-quarter of the value of a lease of real estate belonging to
a firm of which he claimed to be a member, it was held that
the value of the quarter sued for was the only basis for an
allowance. (*Struthers* v. *Pearce*, 51 N. Y. 365.) A case
which seems to be particularly in point occurred in the *At-
lantic Dock Co.* v. *Libby* (45 N. Y. 499). The action was to
prevent the use of certain premises in Brooklyn for the prose-
cution of a certain business, and to recover $1,000 damages..
The premises were appraised as of the value of $50,000, and
an allowance of $500 was granted. It was held that the value
of the premises affected by the action was not the subject-
matter involved, and the order making the allowance was re-
versed. The value of an easement to " freedom of air, light,
and vision " for certain premises were held to be the subject-
matter involved in an action to sustain the infringement of
such a right secured by covenant. (*Lattimer* v. *Livermore*,
72 N. Y. 174.) These authorities seem controlling in this
case. The action was brought to restrain the defendant from
continuing in the exercise of its corporate functions on account
of certain alleged violations of law committed by it. The
effect of a recovery by the plaintiff would have been the for-
feiture of its chartered privileges and the distribution of its
property among those who were then and are now legally en-
titled to it upon dissolution. It contemplated a present instead
of a future distribution. It sought only to accomplish the
extinguishment of its right to continue business in a cor-
porate capacity. It did not ask for or contemplate any change
in the eventual proprietary rights existing in the property held
in the corporate name. While the naked legal title was in the
corporation, all rights of ownership in equity belonged to its

creditors and stockholders. The retention of the corporate franchise simply continued the right to carry on its corporate business. This right might or might not have been valuable. There is no evidence on the subject. We are not aware of any rule of presumption as to the value of a corporate franchise. It is a thing capable of appraisal, and ascertainable by evidence, and is frequently made the subject of taxation by the sovereign power. It is a right separate and distinct from the capital and moneyed assets of a corporation, and as to the value of which they furnish no evidence. It was this franchise alone which was the subject-matter involved in this litigation, and which was thereby determined, and whose value can be used in determining the amount of an allowance of costs.

The order granting an extra allowance in the absence of proof as to any value in such franchise was erroneous, and it should be reversed, with costs.

All concur.

Order reversed.