HENRY O'NEILL, ·Respondent, v. BONNIE B. GRAY, Appellant, Impleaded with Others, and five other cases.

*Mortgage — when so construed as to give the mortgagee the rights of a mortgagee in possession — in an action of foreclosure, although difficult and extraordinary, the additional allowance is limited to two and one-half per cent — Code of Civil Procedure, sec. 3253.*

The plaintiff sold certain lots to one Yost and received from him bonds and mortgages thereon to secure a temporary loan. Subsequently it was agreed between the plaintiff and Yost that to enable Yost to procure a permanent loan from a trust company the plaintiff would discharge the mortgages held by him, would advance a further sum of money and receive from Yost five bonds and mortgages subsequent in lien to a mortgage to be given to the trust company; to foreclose which five bonds and mortgages these actions were brought; it was further agreed that the plaintiff should have the right to collect the rent of the premises described in the mortgages and apply the same on account of the sums due under the mortgages.

The plaintiff in accordance with this agreement discharged the mortgages he then had, advanced the money, received the five bonds and mortgages and collected the rents, applying the same upon the debt due, as provided in the agreement. Each of the mortgages referred to the agreement, provided for the payment of the sums intended to be secured thereby, and for a foreclosure in case of a breach of any of the conditions or agreements.

In an action to foreclose these mortgages it was claimed by the defendants that when construed in connection with the agreement, the mortgages were in the nature of a Welsh mortgage, which did not admit of foreclosure.

*Held,* that the claim was untenable; that the plaintiff was a mortgagee in possession and entitled as such to foreclose the mortgages.

Section 3253 of the Code of Civil Proceedure, limiting the additional allowance which may be awarded in actions to foreclose mortgages to a sum not exceeding two and one-half per cent upon the amount due, and to not more than $200, makes no distinction between actions which are difficult and extraordinary and those which are not. (Brady, J., dissenting.)

*Rosa* v *Jenkins* (31 Hun, 384) followed.

FIVE appeals from five judgments of foreclosure of mortgages on five separate lots on Lexington avenue, near One Hundred and Eighteenth street, in the city of New York. These mortgages were subsequent in lieu to a mortgage given to the United States Trust Company referred to in the opinion.

*C. Bainbridge Smith,* for the appellant.

*George M. Baker,* for the respondent.

BRADY, J.:

The facts which seem to be established beyond peradventure in this case are, that the plaintiff sold certain lots and made a temporary loan to one Yost, receiving as security bonds and mortgages. Subsequently Yost applied to the United States Trust Company for a permanent loan, and they agreed to loan $38,000, a sum which was not sufficient, however, to pay the amount due to the plaintiff, without reference to other liens which had actually existed upon the property. Yost then applied to the plaintiff for assistance, and an agreement was made, dated October 6, 1882, by which he agreed to advance the money necessary to enable the Trust Company to make this loan, and Yost agreed to give him the five bonds and mortgages in controversy, payable on or before the expiration of a year, and also agreed that the plaintiff should have the right to collect the rents of the premises described in the mortgages, and apply the same on account of the sums due under the mortgages.

The plaintiff, in accordance with this understanding, discharged the mortgage which he held, and advanced the necessary money to enable the Trust Company to make the loan, whereupon Yost executed and delivered the bonds and mortgages. The plaintiff appears to have collected the rents, and so far as appears upon the record, to have faithfully and properly applied them to the diminution of the debt due.

Each one of the mortgages given to the plaintiff refers to the agreement already mentioned, containing the statement, as it does, that the mortgage is to be considered in connection with a certain agreement made between the same parties, bearing the same date and intended to be recorded at the same time. The mortgages, however, provided for the payment of the sums intended to be

secured by them, and the agreement itself provided for the foreclosure of the mortgages to which it related; for by the seventh clause it is covenanted that in the event of a breach in any of the conditions or agreements by the parties of the second part, or either of them, it was expressly understood that the party of the first part should have the right to foreclose any or all said mortgages immediately and without further notice to said parties of the second part. Indeed, the whole transaction was very properly described by the learned justice in the court below in disposing of the contention on the part of the defendant, by saying that the instruments in question were ordinary mortgages payable within one year, with the additional security of the rents and profits. It is simply the case of a mortgagee in possession, who was required by his agreement to give due credit for the rents collected.

The contention was that the agreement to which reference has been made, made the mortgage a *vivum vadium*, as it was formerly called, or one in the nature of a Welsh mortgage. That was a species of security by which the borrower of a sum of money made over his estate to the lender until he had received that sum out of the issues and profits of his land. And it was so called because neither the money nor the land was lost and were not left in dead pledge. There was a living pledge, for the profits earned were constantly paying off the debt. (Bouvier's Law Dict.; Coote Law of Mortgages, 5; 4 Kent's Comm., 137.) But the distinguishing characteristics of such an instrument were that there was no proviso that the conveyance was to be void on payment of the debt, and there was no covenant express or implied for such payment. There was no right to sue for it, and the mortgagee had no remedy whatever therefor, because it admitted of no foreclosure. (Snell's Equity Principles, 281; Coote on Mortgages, 5; Jones on Mortgages, § 3; 1 Fisher on Mortgages, § 11; Herman on Mortgages, § 7, pp. 8 and 9.)

In the mortgages in controversy, there was an express covenant for the payment at a specified time, and a right to sue for it; there was a bond, and in the agreement itself provision was made for the foreclosures of the mortgages in case any default was made in any of the covenants on the part of the persons executing them. The learned justice in the court below in disposing of the case very

properly said, therefore, that the instruments in question had none of the characteristics of a *vivum vadium*, and that the relations between the parties were simply those of a mortgagee in possession, required by his agreement to give due credit for the rents collected, which was the clear intention of the parties, and that it was nothing more than the assertion in the agreement of a principle of disposition which equity would enforce even if the contract had been silent with regard to it. We entertain no doubt whatever of the correctness of the judgment thus pronounced.

The only other question which we are called upon to examine on this appeal, according to the developments of the record, is the propriety of making an allowance of five per cent upon the amount of the mortgages.

Section 3253 of the Code provides that in an action to foreclose a mortgage upon real property or for its partition, or in a difficult and extraordinary case where a defense has been interposed in any action, the court may, in its discretion, award to any party a further sum as follows: In an action to foreclose a mortgage a sum not exceeding two and a-half per cent upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of $200. In any other case specified in this section, a sum not exceeding five per cent upon the sum recovered or claimed or the value of the subject-matter.

It is said by Throop, in his Annotated Code under this section, "This and the next section contain the substance of the last three sentences." (Code of Pro., § 309, as amended by the Laws of 1876, chap. 431.) In *Bockes* v. *Hathorn* (17 Hun, 87) it was held that under section 309, as amended by chapter 431 of the Laws of 1876, an allowance of five per cent could be made in an action upon a bond, and to foreclose a mortgage where the case was difficult or extraordinary or a defense had been interposed.

In reasoning out the proposition the court said that if an action were brought upon the bond, and it was a difficult and extraordinary case, and a trial was had, the court could allow five per cent upon the recovery, and it then asks the pregnant question: "Could the legislature have intended that if the bond were secured by a mortgage, and the case were equally difficult and extraordinary and a trial had been had, the same rate of allowance could not be granted?"

The court, in the course of the opinion, refers to the case of *Hunt* v. *Chapman* (62 N. Y , 333), but said as the amendment of 1876 has taken place since that decision was rendered it is supposed not to be controlling. Section 3253, as we have seen, is supposed to embrace the features of section 309 of the old Code; but that section has been so construed as to limit the amount of the allowance in mortgage foreclosure cases, it would seem, to two and one-half per cent. (See *Rosa* v. *Jenkins*, 31 Hun, 384.) In the course of the opinion the court in that case said : "The language of the section differed from the language of section 309, as amended by chapter 431 of the Laws of 1876," and refers to the case of *Bockes* v. *Hathorn* (*supra*). The court then proceeded to say : "We think the language of section 3253 restricts the allowance in mortgage foreclosure cases to two and one-half per cent, and that the effect of the language of section 3253 is to lay down substantially the rule adopted by the Court of Appeals in *Hunt* v. *Chapman* (*supra*)," and declared that the exception to the finding of law allowing five per cent was well taken.

Section 3253 seems to provide for an allowance of five per cent in any action which is difficult and extraordinary, and in which a defense has been interposed ; and an action to foreclose a mortgage, where a defense was interposed and the case became a difficult and extraordinary one, would seem to be embraced within the provision just mentioned. The section seems to contemplate an allowance in two cases : one where the action is to foreclose a mortgage and no defense is interposed, when a sum not exceeding two and one-half per cent upon the sum claimed may be allowed, and the other where a defense has been interposed and the case is a difficult and extraordinary one, when five per cent may be granted.

In the case of *Conaughty* v. *The Saratoga County Bank* (92 N. Y., 401) the court said that extra allowances to the successful party in a litigation were regulated by statute and must be governed strictly by the law authorizing them, and that the language of the statute was plain and unambiguous and could not be strained by construction to cover cases not within its terms.

Of course the question presented now is, whether an allowance of five per cent, in a case where a defense has been interposed and the controversy made difficult and extraordinary, can be made. We

think that the litigation herein is embraced within the second class named and also within the terms difficult and extraordinary, and that an allowance of five per cent could be made therefore, and was properly granted, and that the objection taken in this regard should be overruled.

For these reasons a judgment should be affirmed, with costs.

DANIELS, J.:

The allowance is limited by section 3253 in an action to foreclose a mortgage to a sum not exceeding two and one-half per cent, and then not more than $200. The provision is general making no distinction in that class of actions. A reason for so applying this section when in an action on the bond alone it would not be so restricted, is found in the fact that in foreclosure actions a percentage by way of another allowance is always recovered as a matter of course. (Code, § 3252.) And the allowance has been so limited and this section construed by the case of *Rosa* v. *Jenkins* (31 Hun, 384). While, therefore, the judgment for the foreclosure and sale should be so far affirmed, it should be modified, without costs of the appeals by reducing the allowances to two and one-half per cent.

DAVIS, P. J.:

I concur in the modification reducing the allowance to two and one-half per cent.

Judgment modified as directed in opinion of DANIELS, J., and affirmed as modified, without costs.