Dykman, J.
In this action we have for determination four appeals, one from the judgment dismissing the plaintiff’s complaint,, one from the order denying the motion of the plaintiff for a postponement of the trial of the action at the special term, one from the order denying the application of the plaintiff for a commission to take the testimony of a witness in the city of Washington and one from an order granting an allowance against the plaintiff in addition to costs.
We find all these appeals meritorious, but the judgment was by default and relief from that cannot be afforded by the general term. The action was commenced in November, 1886, to establish a will of Myra Clark Grain es and the trial was delayed to await the decision of actions pending in the supreme court of the United States which were finally decided in May, 1889.
The plaintiff is not alone chargeable with such delay, because it was within the power of the defendants to bring the cause to trial at any term of the court after it was at issue, and it was upon the calendar for trial until December, 1889.
Then upon the application of the plaintiff the trial was postponed but the court set the cause for trial on the first Monday of January, 1890.
On the second day of the court the plaintiff .presented an affidavit to the court in which she said among other things that two or three weeks before that time she had learned that a person whom she named, residing in the city of Washington, was an important witness for her upon the trial of this action, and she asked for the issuance of a commission to take the testimony of such witness and a postponement of the trial until the return of such commission. Both applications were denied and we deem their denial an unwise exercise of the discretion of the court.
The delay requested was but short, the testimony of the witness was important to the plaintiff and no injury could result to the defendants from a postponement of the trial for the short period required for the execution and return of the commission.
The order for an allowance was erroneous because there was no value in the subject matter involved in the action upon which it could be computed and no order of an additional allowance can be made except upon the sum recovered or claimed or the value *953 of the subject matter involved in the action. Conaughty v. The Saratoga County Bank, 92 N. Y., 401, and cases there cited.
The orders appealed from should all be reversed, with ten dollars costs and the disbursements on all the appeals from the orders.
Pratt, J., concurs; Barnard, P. J.; dissents.