THE HANOVER FIRE INSURANCE COMPANY, RESPONDENT, v. THE GERMANIA FIRE INSURANCE COMPANY, APPELLANT.

*Extra allowance — when the "subject-matter involved" affords no basis therefor — injunction — an appeal from a judgment without exception brings up the question.*

In an action between two insurance companies the complaint alleged that the plaintiff and the defendant entered into an agreement to form an underwriter's agency to be managed by one Stoddard, and which was to be wound up in a manner in said agreement provided for; that the agency had terminated, but that the defendant obstructed Stoddard in his duties of closing the matter; it demanded judgment of specific performance, and an injunction restraining the defendant from interfering with the actions of Stoddard, but demanded no money judgment.

A temporary injunction was made permanent upon the trial, no money judgment was ordered, and an extra allowance was granted.

*Held,* that there was no basis for the granting an extra allowance, and no power to grant it.

That neither a statement in the complaint that the business of the agency was large and profitable, nor an allegation in the answer that the agency was worth $50,000, established the existence of such a basis.

That the fact that the allowance was inserted in the findings, and that no specific exceptions were taken to the findings, did not prevent the appellate court from reviewing the matter.

That the question was one of power, and that an appeal from the judgment brought up, on the face of the record, that question for decision.

Appeal by the defendant, the Germania Fire Insurance Company, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 9th day of October, 1891, as adjudged that plaintiff should have an extra allowance of $2,000, or costs, amounting to $2,172.15, including an extra allowance of $2,000.

*Ernest Hall*, for the appellant.

*George W. Cotterill*, for the respondent.

Lawrence, J. :

This is an appeal by the defendant, the Germania Fire Insurance Company, from so much or such part of the judgment, entered in favor of the plaintiff against the defendant, as grants to said plaintiff an allowance of two thousand dollars ($2,000), in addition to costs.

The complaint sets forth that the plaintiff and defendant companies entered into an agreement whereby they formed the Underwriters' Agency, to be carried on under the management of the defendant Alexander Stoddard, of which the defendant Kahl was appointed treasurer, and which agreement terminated, by its terms, on the 31st of December, 1883, and by the terms of which agreement the business of the agency was to be wound up upon the termination of the contract, under the direction and management of the general agent, unless both of the contracting parties objected to his so acting ; that the defendant Alexander Stoddard is the only person who can be procured for the purpose of winding up that business, without great detriment to the interest of the parties, that, notwithstanding said agreement, the defendant company has hindered, obstructed and continues to hinder and obstruct the said Stoddard in closing up the said business, and demands judgment that the defendant company specifically perform said agreement and

be enjoined and restrained from, in any manner, preventing or interfering with the closing up, by said Stoddard, of the business of said agency, or with the assets, money, property, matters, or any of them, pertaining to the liquidation or closing up of said business, and from appointing or continuing or otherwise placing any other person other than the said Stoddard to act in and about the liquidation, settling up or closing up of the said business; and that the said John E. Kahl be required, by the mandate or order of this court, to obey, honor and recognize all the acts of said Stoddard in and about the closing up of the said business, and that he be restrained from preventing and obstructing the closing up of the same; and that plaintiff have such other and further relief as to the court may seem just and equitable, together with the costs of the action.

The answer of the defendant, while admitting the making of the agreement set forth in the complaint and the employment of Stoddard as general agent, denies any violation of the agreement on their part, and sets up as a separate defense that the general agent, during the continuance of the Underwriters' Agency, composed of the plaintiff and defendant companies, and in violation of his agreement with them, undertook the formation of another underwriters' agency of the same character, and to do business in the same territory as the said former agency, between the Hanover and Citizens' companies, to the exclusion of the defendant company, and for that purpose made use of the name, agents, facilities, etc., of said agency; and alleges that, by reason of said act, the said Stoddard was not a fair, impartial and fit person to be entrusted with the management and winding up of the affairs of said agency. The answer demands judgment that the complaint may be dismissed and that said Stoddard may be declared to have violated his agreement, and be enjoined from interfering with the property or affairs of said Underwriters' Agency; and that he and the plaintiff be enjoined from using the name of the New York Underwriters' Agency in conjunction with any one excepting the defendant company. An injunction during the pendency of the action was granted, upon motion by the plaintiff, which, upon appeal, was affirmed by the General Term of this court, and upon the trial it was determined that the plaintiff was entitled to the injunction demanded in the complaint.

It will be observed that in the complaint no pecuniary judgment

is demanded against the defendants or either of them.  There is an allegation in the fifth paragraph of the complaint that the business carried on under the agreement became large and profitable, and there is an affirmative allegation in the thirteenth paragraph of the defendant's answer that the name of the New York Underwriters' Agency possessed and possesses a pecuniary value of at least $50,000.

As was before stated, the Special Term, in rendering judgment, determined that the plaintiff was entitled simply to an injunction giving no pecuniary judgment, but it awarded to the plaintiff, in addition to the costs, an extra allowance of two thousand dollars ($2,000), and from that provision in the judgment the defendant, The Germania Fire Insurance Company, has appealed.

It has frequently been determined that where no sum of money is claimed in the pleadings or allowed to the plaintiff, there is nothing upon which an extra allowance can be based, and that the court has no power to grant it.

In *Conaughty* v. *The Saratoga County Bank* (92 N. Y., 401) it was held that the provisions of the Code of Civil Procedure, section 3253, in reference to extra allowances, simply authorizes such an allowance in an action wherein rights of property are involved, and a pecuniary value may be predicated of the subject-matter ; the importance of the litigation in any other than in its pecuniary aspect affords no basis for the allowance, and when no money judgment is asked or rendered and the subject-matter involved is not capable of a money value, or the value is not shown, the allowance is not authorized.  The term " subject-matter involved," refers simply to property or other valuable things, possession, ownership or title to which is to be determined by the action.  It does not include other property, although it may be directly or remotely affected by the result.

In this case no evidence whatever was given upon the trial as to the pecuniary value of the name the " New York Underwriters' Agency," and no pecuniary judgment was rendered in favor of the plaintiff and against the defendant.  The case, therefore, seems to come within the decision in *Conaughty* v. *The Saratoga County Bank* (*supra*), and numerous cases cited in the opinion of the court in that case.  It is said, however, by the respondent's counsel in his points, that as the allowance and the costs were inserted in the find-

ings of the learned justice, and as no specific exception was taken to the findings in which such allowance was contained, and the appeal being simply from that part of the judgment which awards the allowance, this court has no power to review the determination of the court below in respect thereto. We cannot accede to this view. The cases relied upon by the counsel for the respondent are not cases, as we understand them, in which the court did not possess the power to make the determination appealed from. They were cases which arose either upon an erroneous reception or rejection of evidence on the trial, or in which the question determined was one within the discretion of the court, in which case the determination could not be reviewed without an appropriate exception. Here, if the views above expressed are correct, the court had no power, under the provisions of the Code, to grant any allowance whatever, and there was no basis whatever upon which it could be determined, even if the court had the power to grant an allowance, whether it exceeded the limitation prescribed by the Code. The case of *Murray* v. *Church* (1 Hun, 49, 51), relied upon by the respondent's counsel, was a case where the allowance was within the discretion of the court, and in that case the court held that there was in the case nothing showing that the discretion of the court was improperly exercised; but if there were anything of that nature in the case, it would not aid the appeal, because no exception was taken and presented for consideration. That case was different from the case at bar, because, as already stated here, the question is one of power, and an appeal from the judgment brings up a question which this court has the right to examine into and review.

The case of *Munro* v. *Smith* (23 Abb. N. C., 276), is not in conflict with these views, inasmuch as there it appeared by the plaintiff's affidavit, which was uncontradicted, that he had spent fifty thousand dollars ($50,000) in advertising articles on which he used the trademark, and that the right to the exclusive use of the trade-mark belonged to him.

Mr. Justice BRADY, delivering the opinion of the court in that case, distinguishes it from the case of *Coates* v. *Goddard* (34 Super. Ct. [J. & S.], 118), on the ground that, in the latter case plaintiff had not recovered any judgment, but one directing a perpetual injunction. The same distinction exists in the case before us.

For these reasons, we are of the opinion that so much of the judgment below as awarded an allowance of $2,000 to the plaintiff should be reversed, with costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

So much of judgment as awarded an allowance of $2,000 to the plaintiff reversed, with costs and disbursements.