JOHN DONOVAN RESPONDENT, v. THOMAS E. WHEELER AND ANOTHER, APPELLANTS.

*Pleading — a statement of an evidentiary fact in an answer does not constitute a distinct defense — extra allowance.*

In an action brought to procure the cancellation of a deed, in which the complaint alleged that the plaintiff never intended to grant the premises to the defendant, who had never paid the consideration mentioned in the deed, the answer denied that the plaintiff never intended to grant the premises to the defendant, and then stated that, on the contrary, the plaintiff did, by the deed in suit, grant the premises to the defendant, and did, after such conveyance, declare to the defendant that the grant was effectual and an absolute gift of the property.

*Held,* that this statement of a declaration of a gift was but the statement of an evidentiary fact, by way of enlargement of the preceding denial, and did not amount to an allegation of a donation, as a distinct defense, so as to render evidence of a gift of the premises admissible.

An additional allowance of costs is improper, in an action brought to procure the cancellation of a deed, where no sum was claimed or recovered, and the only "subject-matter involved" was the validity of a deed having no value.

The fact that the determination remotely affected the property described in the deed, is not sufficient to justify such allowance.

APPEAL by the defendants, Thomas E. Wheeler and Mary A. Wheeler, respectively, from a judgment of the Supreme Court rendered at the Queens County Special Term, and entered in the office of the clerk of Queens county on the 15th day of April, 1892, in favor of the plaintiff, canceling a deed, and the record thereof, with costs, and granting an extra allowance.

The action was brought to set aside a deed conveying certain premises in Queens county, executed by the plaintiff to the defendant Thomas E. Wheeler, upon the ground that the deed constituted a cloud on the plaintiff's title.

The complaint, after alleging the execution and recording of the deed, states " that the plaintiff never decided to grant and convey the said premises to the said grantee, or to make the said grant effectual by delivering the said deed to the said grantee, Thomas E. Wheeler, though he had a mind so to do, but, on the contrary, he did not deliver the same, and has always retained possession and control thereof, and the said grantee has not paid the consideration mentioned in the said deed of conveyance, or any part thereof,

namely, $12,000, which was the true value of the said premises, and the plaintiff had no intention of conveying the said property to the said grantee and giving him the same for nothing."

The answer contains the following paragraph:

"IV. He denies that the plaintiff never intended to grant and convey said premises to this defendant or make said grant effectual, but, on the contrary, the plaintiff did, in and by said instrument of conveyance, effectually grant and convey to this defendant the lands and premises in said complaint described; and did, after said conveyance, declare to this defendant that said grant was effectual and an absolute gift of said real property from plaintiff to this defendant."

Section 3253 of the Code of Civil Procedure provides that in any difficult and extraordinary case, where a defense has been interposed, the court may, in its discretion, award, in addition to costs, a further sum, not exceeding five per centum, upon the sum recovered or claimed, or the value of the subject-matter involved.

*James Kearney* and *James W. Ridgeway,* for the appellant Thomas E. Wheeler.

*John B. Shanahan,* for the respondent.

DYKMAN, J.:

This action is brought to obtain a judgment of this court which shall determine that a certain deed of conveyance of real property was not delivered, and the title to the premises therein described was not conveyed to the defendant, Thomas E. Wheeler, by the said deed and that the deed and the record thereof be canceled.

The claim of the plaintiff is that the deed was executed to subserve a special purpose, which was not carried into execution, and that the deed was not delivered and there never was any intention to vest the title absolutely in the grantee. The cause was tried before a judge, at Special Term, who found the facts in favor of the plaintiff and directed a judgment in his favor for the relief demanded in the complaint. The defendants have appealed from the judgment, but we find the appeal destitute of merit upon the main question. The testimony on the part of the plaintiff was contradicted by the defendants, but we think the trial judge took the correct view of the evidence and the circumstances surrounding the transaction.

The appellants contend that an error was committed upon the trial by the exclusion of testimony tending to prove and establish a gift of the premises to the grantee. That testimony was excluded, because no such defense was set up in the answer, and we think that the trial judge gave the correct construction of the answer and that it manifests no intention to set up a donation of the premises.

True, the fourth clause of the answer contains a statement that the plaintiff, after the conveyance, declared to the defendant that the grant was effectual and an absolute gift of the real property from the plaintiff to the defendant, but that is but the statement of an evidentiary fact by way of enlargement of the first part of the paragraph which denied that the plaintiff never intended to grant the premises to the defendant. It falls far short of an independent defense which was necessary to the reception of the testimony.

The trial judge made the plaintiff an additional allowance of $200, which was erroneous. Such allowances are made in a proper case based upon the sum recovered or claimed or the value of the subject-matter involved. In this case no sum was claimed or recovered and nothing was involved but the validity of a deed, and that had no value. The fact that the determination of the question remotely affected the property described in the deed is not sufficient to justify an additional allowance under the statute. (*Conaughty v. Saratoga County Bank*, 92 N. Y., 404.)

The judgment should be modified by striking out the $200 from the costs, and, as so modified, affirmed, without costs to either party upon this appeal.

PRATT, J.:

This is an action brought to set aside a conveyance of certain lands in Queens county, executed by the plaintiff to the defendant, Thomas E. Wheeler, upon the ground that the deed constitutes a cloud upon the title.

Upon the trial the defendant claimed that the deed was a gift, and, further, that it was executed to perpetuate a fraud upon a third party.

It clearly appeared from the evidence that the deed was never delivered to the defendant, and never was intended to be delivered except simultaneously with a deed from the defendant to the plaintiff for the same property.

The intention of the plaintiff was to have it appear upon the records that the defendant was the owner, so as to facilitate a sale thereof by the plaintiff as broker, while, in fact, it was his own property.

The defendant paid nothing for the conveyance, and, in fact, no fraud was proved in the transaction.

The proof was all one way that the plaintiff never intended to vest the title to the property in the defendant as a gift, but the motive seems to have been a matter of convenience to the plaintiff to enable him to appear as a broker in making a sale. To permit such a transaction to stand as a valid gift would be a gross fraud. There being no delivery of the deed there was no valid conveyance.

The judgment must be modified by striking out $200 from the costs, and affirmed, as modified, without costs of this appeal.

BARNARD, P. J., not sitting.

Judgment modified by striking out $200 from the costs and affirmed, as modified, without costs of appeal.