CONSIDER PARISH and THEODORUS B. WOOLSEY, Appellants, Impleaded with ELLEN R. PARISH, Plaintiff, *v.* THE NEW YORK PRODUCE EXCHANGE and Others, Respondents.

*Extra allowance — when the plaintiff's interest in a trust fund, and not the fund itself, is the basis thereof.*

The subject-matter involved in an action brought to have adjudged void a by-law of the New York Produce Exchange, contemplating the immediate distribution of a gratuity fund created, out of the contributions of subscribing members and their shares of surplus income, for the purpose of paying gratuities to the beneficiaries of deceased members, is the value of the plaintiff's interest in the fund, and not the amount of the fund; in the absence of proof of such value, an extra allowance cannot be granted.

APPEAL by the plaintiffs, Consider Parish and Theodorus B. Woolsey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of September, 1900, denying said plaintiff's motion for an extra allowance.

*John J. Crawford,* for the appellants.

*Abel E. Blackmar,* for the respondents.

Ingraham, J.:

We agree with the court below that there was no basis presented for an extra allowance in this action. By section 3253 of the Code of Civil Procedure the court is authorized to grant an allowance " not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved." In this action there was no sum recovered or claimed by either party. The right to an allowance must be based upon the " value of the subject-matter involved " in the action. The complaint alleged that the New York Produce Exchange had made a by-law which contemplated the immediate distribution of a fund of $750,000 held by certain trustees under the by-laws of the exchange. This fund was known as the gratuity fund, and was held to pay a certain gratuity to the widows or next of kin of such members of the exchange as had contributed to the fund and remained members until their death. The proposed by-law contemplated the immediate distribution of the fund. The complaint demanded judgment that the amendment of the by-law be declared null and void and that the defendant and the trustees of the gratuity fund be restrained and enjoined from distributing the said fund among the subscribing members, and from otherwise carrying out or attempting to carry out the other provisions of the proposed by-law. The case was referred to a referee who determined that the by-law was illegal and enjoined the defendants from distributing the fund. The decision of the referee stating the grounds upon which he determined the action in favor of the plaintiffs is : " The said Gratuity Fund is a trust fund created under the said agreement out of the contributions of subscribing members and their shares of surplus income for the very purpose of paying gratuities to the beneficiaries of deceased members, and cannot be diverted from such purpose or distributed among the living members of the Exchange without the consent of all parties interested therein."

The plaintiffs claim that the value of the subject-matter involved in this action is $750,000, which constitutes this fund. This does not appear to be correct. The question really involved in this case was as to how and when this trust fund was to be distributed, whether immediately under this proposed amended by-law or as originally contemplated when the gratuities to the widow or next of kin of the deceased member of the exchange should be paid. If

now distributed, the plaintiffs who have succeeded would be entitled to their share of the fund. Under the judgment entered the fund is to be held for the purpose for which it was originally contemplated. While the distribution of this fund is affected by this judgment, the interest that this action was brought to effect was the interest of the plaintiffs in the fund and to prevent that interest from being interfered with. As was said in *Conaughty* v. *Saratoga County Bank* (92 N. Y. 404), "It is apparent that the word involved is used in a legal sense, and means the possession, ownership or title to property or other valuable thing, which is to be determined by the result of the action. It does not mean the property which may be either directly or remotely affected by the result, as such a rule would from its vagueness and uncertainty be impracticable in application." In an action by a legatee to compel an accounting by an executor and the distribution of the estate, it was held that the value of the legatee's interest was the subject-matter involved. (*Weaver* v. *Ely*, 83 N. Y. 89.) In an action to prevent the use of certain premises for the prosecution of a certain business and to recover $1,000 damages, the premises were appraised at $50,000, and it was held that the value of the premises affected by the action was not the subject-matter involved upon which the allowance could be based. (*Atlantic Dock Company* v. *Libby*, 45 N. Y. 499.) In *Conaughty* v. *Saratoga County Bank* (*supra*), which was an action brought to restrain the defendant from continuing in the exercise of its corporate franchise and where the effect of a recovery by the plaintiff would be the forfeiture of its chartered privileges and the distribution of its property among those who were then legally entitled to it upon dissolution, it was said that the property of the corporation was not the subject-matter involved, but it was the franchise which the action sought to prevent the defendant from using that was involved in the litigation, and as there was no evidence of the value of the franchise no allowance would be granted. In *Moore* v. *Appleby* (108 N. Y. 240), where the question in controversy was as to whether a vendor of real estate could give a good title to the property that he had contracted to convey, it was held that the value of that property was not the subject-matter involved in the action, the court saying: "The value of the subject-matter incidentally involved by the nature of the controversy is, therefore, not material."

As there is no evidence of the value of the plaintiffs' interest in the fund, or the value of the plaintiffs' right which was protected by the judgment, it follows that there was no ascertained value upon which an allowance could be based.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.