Robertson, J.
The item objected to was inserted in the bill of costs, as “Expenses of commission, $31.22.” Only the ordinary affidavit was produced, of the sum having been paid or necessarily incurred. Three dollars and sixty cents of it was allowed for postage. The rest was for a copy of certain proceedings in French Tribunals, referred to in the defendants’ answer. Ko expenses had accrued on the commission.
This item was probably sufficiently set forth in detail, as required by the 311th section of the Code of. Procedure, and there was no surprise on the plaintiffs in calling it “ commission ” instead of “ records.” There does not appear to be any repeal of the provision of the Bevised Statutes, (2 B. S., [4th ed.,] 841, [653,] § 7,) which required an affidavit to be presented that copies of documents proposed to be taxed were “ actually and necessarily used, or were necessarily obtained for use," which was not produced in this case. The 311th section of the Code did not ori *684 ginally embrace in its specification of what might be included in necessary disbursements, either witnesses’ fees or the compensation of commissioners. These were added by a subsequent amendment. It is plain, therefore, that the only disbursements to be allowed are those specified. (Case v. Price, 17 How. Pr., 348.) Even surveyors’ fees, unless in partition or dower cases, are not allowed. (Haynes v. Mosher, 15 How. Pr., 216.) Copies of documents or records obtained from public officers in this State, may be charged as officers’ fees, but' there is no provision for copies of foreign documents, that I have been able to find. Under the original Code, only the fees specified by the 20th section of the act “ concerning the fees of certain officers,” (2 R. S., 634,) were allowed as disbursements allowed bylaw. (Dewitt v. Swift, 3 How. Pr., 282.)
The motion must be denied, with seven dollars costs.