By the Court.—Curtis, J.
The code, as amended, allows as costs (section 307, subd. 3) “for drawing interrogatories to annex to a commission for the taking of testimony, ten dollars.” The appellants claim that this entitles them to ten dollars for each separate set of interrogatories annéxed to a commission.
The interrogatories referred to in the code are those specified in 2 Revised Statutes (394). The statute in relation to testimony taken on commission, uses the same language as the code, and apparently by the words, “the interrogatories to be annexed to such commission,” means the entire number of interrogatories to be so annexed, and not any specific sets addressed either to the same or different witnesses—neither the statute nor the code subdivides or classifies the interrogatories in sets or parts, or in any way.
The question" arises whether, for the purpose of awarding costs, there is authority for such classification and distinction. Under the system of taxation of *6 costs existing previous to the adoption of the code, there was allowed for “ drawing and engrossing interrogatories to be annexed to a commission and settlement, two dollars and fifty cents” (3 Burrill Pr. Append 597). This appears to have been all that was ever allowed for such service, no matter what may have been the number of witnesses mentioned in the commission, or the number of interrogatories or sets of interrogatories annexed. As the code uses the phraseology of the statute, it is difficult to see how it can be made in its’present form, to bear a different interpretation from that previously given to the word interrogatories.
If the framers of this part of the amendment of the code, the purpose of which was to revise the allowance of costs for drawing interrogatories, had intended to allow ten dollars for drawing each set of interrogatories, it would have been easy for them to have said so explicitly, and it is not probable that they would have left it to be deduced from inferences, and the equities of the case. It is wore in accordance with the theory of the code in respect to costs, to suppose that no change was. intended, for the purpose of compensating parties who are compelled by the exigencies of their litigation to annex several sets of interrogatories to a commission, but that the compensation for such services was left to be considered by the court, when application was made for an. allowance, under the sue, ceeding sections of the code.
This construction will not tend to warp a provision of the code from the application its framers intended it to have, and will, very possibly, by means of the awarding of a compensatory allowance, make a just and equitable provision for parties who have necessarily and properly, as in the present action, prepared various sets of interrogatories for witnesses, to be examined under the same commission.
*7 There appears to be no decision of the courts, in conflict at any time with these views. The certificate of one of the department clerks of the common pleas, as to the practice there, of which there is no evidence that it has been sanctioned by the court, can hardly be regarded as a controlling authority to sustain the appeal. The tendency here has been to give this statute a strict construction (Hand v. Baare, 9 Bosw. 682).
My impression is, that the order appealed from should be affirmed.
Sedgwick, J., concurred.