JOHN ROTHERY AND WILLIAM ROTHERY, RESPONDENTS, *v.* THE NEW YORK RUBBER COMPANY, APPELLANT.

*Power of the court to restrain the unlawful erection of a dam — extra allowance in action for — upon what amount it must be computed — surveyor's charges.*

When a party has wrongfully erected a dam to such a height as to set the water back upon another's mill, the court may relieve the injured party by granting an injunction restraining the continuance of the nuisance or by ordering the dam to be lowered to such a height as will abate it.

In an action to compel the defendant to lower the height of a dam and to recover the damages already occasioned thereby, any extra allowance which may be granted in the action must be computed upon the amount of the damages allowed, and not upon the value of the plaintiff's property.

In such an action the plaintiff cannot be allowed to include in his bill of costs the amount paid to a surveyor for making a survey and plans to be used upon the trial.

APPEAL from a judgment in favor of the plaintiffs, entered upon the .trial of this action by the court without a jury, and from an order denying a motion for a retaxation of the costs.

This action was brought to recover the damages occasioned by reason of the defendant's setting the water of the Fishkill creek back upon the plaintiffs' premises, and also for a judgment or decree directing the defendant to take down its dam to such an extent as to leave the water in said Fishkill creek to pass through and by the plaintiffs' premises the same as the water flowed in said creek before the building of said dam.

The court decided that the defendant's dam was built fifteen inches higher than they had a right to build it, and ordered and decreed that it be taken down to that extent, and fixed plaintiffs' damages nominally at fifty dollars.

The defendant objected to the insertion in plaintiffs' bill of costs of an item of "ninety-four dollars for surveys, maps, profiles, and making levels," etc., and also to the granting of an extra allowance of $250.

*Cassidy & Brown*, for the appellant.

*H. H. Hustis*, for the respondents.

GILBERT, J. :

The rules of law governing this class of cases are perfectly well settled. The defendants had no right to erect their dam to such a height as to set the water back upon the plaintiffs mill so as to materially interfere with the running thereof. Such a dam is a nuisance, and a court may grant relief to the party injured by granting an injunction restraining the continuance of the nuisance, or by ordering the dam to be lowered to such a height as will abate the nuisance. (*Mann* v. *Wilkinson*, 2 Sum., 276; *Farnam* v. *Blackstone Canal Co.*, 1 id., 46; *Pixley* v. *Clark*, 35 N. Y., 521; *Corning and others* v. *The Troy, etc., Nail Factory*, 40 id., 192.)

A decree ordering the defendants within a specified time to lower a dam to a prescribed height, and an injunction restraining them against continuing the dam above such a height after that time, accomplish precisely the same result. There can be no question of the jurisdiction of the court to grant relief in either mode.

With respect to the extent of the relief granted, the necessity of it is wholly a question of fact. There is abundant evidence to sustain the finding of the court below, that the defendants erected their dam fifteen inches higher than they had a legal right to do. Nor am I able to discover any error in the rejection of the eighth, ninth, tenth and eleventh findings which the defendants proposed. The fact that the dam set the water back upon the plaintiffs' premises from twelve to fifteen inches, was satisfactorily proved. Ocular demonstration is entitled to more weight than theory or argument. The facts contained in those proposed findings being contradictory of the evidence referred to, such proposed findings were properly rejected for that reason alone, for the court is not required to find a fact unless it has been established by uncontradicted evidence. (*Beck* v. *Sheldon*, 48 N. Y., 369.)

I think that five per cent on the amount of the recovery was the utmost extra allowance which the court was authorized to make. The subject-matters involved in the action were the nuisance and the damages caused thereby, not the plaintiffs' property. (*Atlantic Dock Co.* v. *Libby*, 45 N. Y., 499; *The People* v. *New York and Staten Island Ferry Co.*, 68 id., 72.) The item of ninety-four dollars in the bill of costs was improperly allowed. (*Haynes* v. *Mosher*, 15 How. Pr., 216; *Hanel* v. *Baare*, 9 Bosw., 682; *Provost* v. *Farrell*, 13 Hun, 303; Code of Civil Procedure, § 3256.)

The order appealed from should be reversed and the motion granted, with ten dollars costs of the motion and ten dollars costs of the appeal from the order.

The judgment should be modified by reducing the costs accordingly, and as so modified it should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment modified by reducing the costs ninety-four dollars, and as modified affirmed, with costs. Order granting allowance reversed, with ten dollars costs of appeal, and ten dollars costs of motion.