THE PEOPLE ex rel. BENJAMIN W. WINANS et al., Appellants, *v.* AMBROSE T. ADAMS et al., Respondents.

In an action brought by the attorney-general, under the Code of Civil Procedure (§§ 1948, 1949), to try the title to certain elective offices in a religious corporation, the complaint demanded costs against the defendants, of whom there were ten, and that each of them be required to pay to the state a fine of $2,000, as authorized by the Code (§ 1956). It did not appear that the offices in litigation were of any value in themselves, or that there were any emoluments or pecuniary advantages attached to them. The complaint was dismissed and an extra allowance of $350 was made, based upon the ground that the complaint contained a claim of $20,000. *Held,* error; that the demand in the complaint that the defendants be fined was not a claim that could form the basis of an extra allowance; that the fine was not a part of the cause of action or claim, but a mere incident to success in the action, resting wholly in the discretion of the court, which, if plaintiff had succeeded, could have been imposed whether alleged in the complaint or not; and that by demanding it, plaintiffs did not engraft upon the complaint any element of a pecuniary claim within the meaning of that term as used in the provision of said Code (§ 3253), authorizing an extra allowance.

No power is given under said provision to grant an extra allowance, except upon the basis of the value of the claim or subject-matter involved in the action and litigated directly, not incidentally.

(Argued June 16, 1891; decided June 23. 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 20, 1891, which affirmed an order of the Circuit granting defendants an extra allowance.

The facts, so far as material, are stated in the opinion.

*William H. Arnoux* for appellants.    An allowance can only be granted when the subject-matter of the litigation has a money value.    (*Adams* v. *Arkenburgh*, 106 N. Y. 615 ; *Conaughty* v. *S. C. Bank*, 92 id. 404 ; *People* v. *A. & S. R. R. Co.*, 5 Lans. 35 ; *A. D. Co.* v. *Libbey*, 45 N. Y. 499.)    A fine is not a claim.    (Code Civ. Pro. §§ 1956, 3253 ; *McLean* v. *Freeman*, 70 N. Y. 89 ; *Atty.-Gen.* v. *L. Ins. Co.*, 91 id. 66.)

*Hoffman Miller* for respondents.    In actions of this character the proceedings are the same as in an action by a private person.    (Code Civ. Pro. §§ 1984, 1985, 1986 ; *Adams* v. *Arkenburgh*, 106 N. Y. 618.)    The court had power, under the Code, to grant the allowance.    (Code Civ. Pro. § 3253 ; *Adams* v. *Arkenburgh*, 106 N. Y. 615 ; *Mingay* v. *H. M. Co.*, 99 id. 270.)

O'BRIEN, J.    This was an action brought by the attorney-general, under sections 1948 and 1949 of the Code of Civil Procedure.    The complaint alleges that on the 7th day of April, 1890, the relators, ten in number, were duly elected, respectively, wardens and vestrymen of the Church of the Holy Nativity, a Protestant Episcopal church in the city of New York.

That the defendants Adams and Townsend unlawfully intruded into the office of wardens and the other defendants into the office of vestrymen of said church, and were unlawfully holding these offices in violation of the rights of the relators.    Judgment was demanded that the defendants were not entitled to the office into which they respectively had intruded, and that they be ousted and excluded therefrom, and that the relators be put in possession of the offices to which

they were respectively elected as alleged. Costs were demanded against the defendants, and that each of them pay to the people of the state of New York a fine of two thousand dollars. On the trial, the complaint was dismissed, with costs, and an order made granting the defendants an extra allowance of $350. The only basis for the allowance was the demand that each defendant be fined two thousand dollars, and as there were ten defendants, it was held that the complaint contained a claim against the defendants of twenty thousand dollars in the aggregate. The order has been affirmed at General Term. The only question presented by the appeal is whether the court had power to grant an allowance in the action. Section 3253 of the Code of Civil Procedure confers power on the court, in its discretion, to award to the successful party a sum not exceeding five per centum upon the sum recovered *or claimed*, or the value of the subject-matter involved. And section 1956 provides that in actions such as this the court may, in its discretion, also award that the defendant pay a fine to the people of the state not exceeding $2,000, and if such fine is imposed, execution may be issued upon the judgment and when the fine is collected, it must be paid into the treasury of the state. The relators could have no interest in the fine, and no one could demand that it be imposed as a legal right. The cause of action or claim set forth in the complaint was the intrusion of the defendants into an office in a domestic corporation from which it was sought to oust them, and to put the relators in possession thereof. The fine was a mere incident that might or might not follow the success of the action, resting wholly in the discretion of the court with reference to the facts and circumstances of the case. It was no part of the claim or cause of action. It was not necessary to demand it in the complaint, as the court could have imposed it, whether demanded or not, upon a proper state of facts. By demanding it, the plaintiff did not change the character of the action or engraft upon the complaint any element of a pecuniary claim within the meaning of that term as used in the section of the Code above referred to. There was no power in this

case to grant to the defendants an extra allowance except upon the basis of the value of the claim or subject-matter involved in the action, and litigated directly and not incidentally. (*Atlantic Dock Co.* v. *Libby,* 45 N. Y. 499; *Adams* v. *Arkenburgh,* 106 id. 615; *Conaughty* v. *Sar. Co. Bank,* 92 id. 404.)

The action was brought to try the title to certain elective offices in a religious corporation. It does not appear that these offices were of any value in themselves, or that there were any emoluments or pecuniary advantages attached to them, and hence it cannot be said that the subject-matter of the action was of any value whatever. The entirely unnecessary demand that each of the ten defendants be fined two thousand dollars, was not a claim that could form the basis of an allowance any more than would a request at the trial that the discretion of the court in that regard be exercised.

The orders of the General and Special Terms should be reversed, with costs in all courts.

All concur.

Orders reversed.