## HUDSON RIVER TELEPHONE COMPANY, RESPONDENT, *v.* THE WATERVLIET TURNPIKE AND RAILROAD COMPANY, APPELLANT.

*Costs — an action to restrain a street railroad company from using a particular electrical system over a part of its route affords no basis for an allowance — affidavits cannot be used to show the probable loss resulting from a temporary injunction — Code of Civil Procedure, sec. 3253.*

An action was brought by a telephone company to restrain a street railroad company from the use of a particular electrical system in the propulsion of its cars over that portion of its route lying in a city; the telephone company alleging that the high electric power used by the railroad affected injuriously its telephonic communications and business.

No relief was asked in the complaint, other than an injunction, and no claim was made for damages. The answer did not ask affirmative relief. The value of the right to use electricity in some manner as a motive power was not at issue under the pleadings.

Upon an application for an extra allowance, under section 3253 of the Code of Civil Procedure:

*Held,* that there existed no basis for an allowance.

That neither said railroad nor its franchise was involved.

That a basis for such an allowance could not be made by affidavits read upon the motion, showing an estimate of the loss sustained by the defendant by the granting of a temporary injunction in the action.

APPEAL by the defendant, the Watervliet Turnpike and Railroad Company, from an order, entered in the office of the clerk of the county of Albany on the 18th day of November, 1890, denying its motion for an extra allowance.

*Marcus T. Hun,* for the appellant.

*D. Cady Herrick,* for the respondent.

MAYHAM, J.:

This application was made under section 3253 of the Code of Civil Procedure. The action was to restrain the defendant from operating that portion of its railroad passing along Broadway, in the city of Albany, by electricity, as a motive power, upon what is known as the single-trolley system, on the ground that the use of such system by the defendant at that point obstructed or impaired

the use of the plaintiff's telephone system, which had its central office, batteries, key-board and other apparatus lawfully located on that street, and in operation there prior to the time the defendant commenced to propel its cars through that street by the use of electricity. On the trial of this action the referee dismissed the plaintiff's complaint.

It does not seem to be urged on this motion that this action was not of the character and kind that comes within the designation in the Code of difficult and extraordinary actions; but the motion was denied, as appears from the order, on the ground that there was no basis in the subject-matter of the action on which an additional allowance can be estimated.

The language used in the order clearly indicates that the decision was solely upon that ground. The order is as follows: " Ordered, that said motion for an extra or additional allowance of costs to the defendant in the above-entitled action be and the same hereby is, in all things, denied upon the sole ground that the action being to restrain the defendant from employing a particular system only, and over a part only of its road, the franchise was not involved, and there is, therefore, no basis on which an allowance can be estimated." The complaint in this case asked no other relief than an injunction restraining the defendant from the use of this motive power on the part of the road running through Broadway.

The defendant's railroad and franchises connected with the same extended from South Ferry street, in the city of Albany, to West Troy, embracing several miles in extent, not within the city of Albany. So that the action was not to restrain the defendant in the use of its franchise, but only to restrict its use upon Broadway, in Albany. The subject-matter of controversy was not, therefore, the value of the plaintiff's railroad or its franchises, and its value could not, therefore, be taken as a basis upon which to estimate or compute an additional allowance; nor do we think any estimated capacity of plaintiff's railroad for earning money could be taken as a basis for such an estimate. The complaint makes no claim for damages; nor does the answer set up any claim for affirmative relief, but simply, with other defensive matters, denies that the plaintiff is entitled to an injunction. Any evidence upon the trial tending to establish the value of either franchise, or the amount of

damage either company had sustained, would have been inadmissible under the pleadings.

There is no allegation in the complaint of the amount of damage suffered by the plaintiff by reason of the acts of the defendant sought to be restrained in this action, nor is there any allegation in the answer of the damage which has or will result to the defendant by reason of the injunction prayed for in the complaint.

In *Conaughty* v. *The Saratoga Bank* (92 N. Y., 404), RUGER, Ch. J., in discussing the question of additional allowance, says : " In the determination of this question the pleadings furnish the sole evidence as to what was the subject-matter involved, and the value of such matter can be arrived at only by competent evidence tending to establish the fact."

In the case at bar, the only question which could, under the pleadings, be litigated was the right of the plaintiff to an injunction. The value of the franchise of the plaintiff was in no way involved. If the plaintiff had succeeded in the action, it is not perceived upon what basis it could have demanded or received an additional allowance.

Nor does it appear upon what basis the defendant can predicate a claim for an additional allowance upon the value of the subject-matter involved. What was involved? Certainly not the defendant's tracks and cars. Not its corporate franchise as a railroad company. If it is answered that its right to use electricity, in some manner, as a motive power was involved, then the answer is that the value of that right was not in issue under the pleadings in this action.

In the case of the *Atlantic Dock Company* v. *Libby* (45 N. Y., 504), which was an action for an injunction, Chief Justice CHURCH, in discussing the question of an additional allowance under section 309 of the Code of Procedure, which was substantially like section 3253 of the present Code, uses this language : " The action was brought to restrain the carrying on of certain business, and for one thousand dollars damages. No damages were recovered, but the action was sustained for the injunction. The question, therefore, is whether the subject-matter involved in the action was the value of the premises and machinery. I think not."

But it is urged that the defendant suffered loss by reason of the

operation of the temporary injunction, and the proximate estimate of that loss is sought to be proved by affidavits used on this motion. As we have seen, that was not in issue by the pleadings in this action, and cannot, we think, be tried on this motion. Presumably the plaintiff gave a bond to protect the defendant against that loss, upon which the defendant, in a proper proceeding, may be indemnified. The statute makes no provision for protecting against such loss by any additional allowance of costs.

We think that the learned judge at Special Term was right in holding that there is, in this action, "no basis on which an allowance can be estimated."

The order must be affirmed with ten dollars costs and printing disbursements.

LEARNED, P. J., and LANDON, J., concurred.

Order denying extra allowance affirmed, with ten dollars costs and printing disbursements.