SILAS LAIRD, Respondent, *v.* FREDERICK M. LITTLEFIELD, Appellant.

*Lloyds insurance policy — action against one of several indemnitors — basis of an additional allowance.*

In an action upon a Lloyds insurance policy against one of a number of individual indemnitors, to recover the proportionate amount of the loss for which such defendant is liable, an additional allowance of five per cent is not properly granted upon the entire amount of the loss covered by the policy, although the policy contains a provision that, to avoid multiplicity of suits, no action shall be maintained under the policy against more than one of the indemnitors, and that the final decision in such action shall be decisive upon each indemnitor, in the same manner as if he were sole defendant in a similar suit, "save and except, however, as to the matter of costs and disbursements."

In such a case the subject-matter involved is the sum payable by the defendant thus sued, and does not include the ulterior liability of the other individual indemnitors.

APPEAL by the defendant, Frederick M. Littlefield, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 19th day of February, 1898, upon the decision of the court rendered after a trial at the Dutchess County Special Term, and also from an order entered in said clerk's office on the 10th day of February, 1898, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 2d day of March, 1898, denying the defendant's motion for a retaxation of costs.

*George L. Allen,* for the appellant.

*George Wood,* for the respondent.

GOODRICH, P. J.:

This action was brought upon a policy of fire insurance, dated September 10, 1896, issued to the plaintiff by the Guardian Assurance Lloyds, and signed by twenty individual indemnitors, of whom the defendant was one. Each individual covenanted to pay one-twentieth of any loss. The policy covered a stock of drugs and other goods and the furniture, fixtures and other articles in a store occupied by the assured at New Hamburg, Dutchess county. It was

conceded at the trial that the property was destroyed by fire on September 13, 1896, and that its value was $1,550. The complaint demanded judgment for $77.50, one-twentieth of the loss, and interest. The defendant claimed that the premises were incumbered by a chattel mortgage and by a judgment and execution thereon which invalidated the policy according to its terms. It was admitted that prior to the issuance of the policy there had been such incumbrance, but there was evidence showing conclusively that the mortgage and judgment had actually been paid, though they had not been satisfied of record at the date of the policy. The trial court found such to be the facts and ordered judgment for one-twentieth of the loss, which with interest amounted to $85.22. In that respect the judgment should be affirmed.

But we think it was error to grant an allowance of five per cent upon $1,550, the entire amount of the loss.

Section 3253 of the Code of Civil Procedure, in cases of this character, authorizes an allowance of "a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved." The sum both "claimed and recovered" in this action was $77.50 and interest. The policy contained a provision that, to avoid multiplicity of suits, no action should be maintained under the policy against more than one of the indemnitors and that a final decision in such an action should be decisive upon each indemnitor, in the same manner as if he had been sole defendant in a similar suit, "save and except, however, as to the matter of costs and disbursements."

The subject-matter involved was the one-twentieth share of the entire loss, which the defendant was liable to pay. It did not include the ulterior liability of the other underwriters.

*The Atlantic Dock Company* v. *Libby* (45 N. Y. 499) was an action to prevent the use of certain premises in Brooklyn for the prosecution of certain business, and to recover $1,000 damages. The premises were appraised as of the value of $50,000. No damages were recovered, but the action was sustained as to the injunction, and an allowance of $500 was granted. The court held that the value of the premises affected by the action was not the subject-matter involved, and the order making the allowance was reversed.

In *Struthers* v. *Pearce* (51 N. Y. 365) it appeared that, during

the existence of a continuing partnership of undetermined duration, three of four partners, without the knowledge of the other, obtained a new lease in their own names, of the premises leased to, and used by, the firm, and the court held that upon dissolution the other partner was entitled to his proportion of the value of the lease. The court at Special Term granted an allowance of five per centum on the entire value of the lease. The Commission of Appeals (LOTT, Ch. J.) said (p. 368): "The claim of the plaintiff in the prayer of his complaint is that he may be paid one-fourth of the proceeds of the lease in question on the sale thereof; the recovery did not exceed his claim, and that was the whole amount of the 'subject-matter involved' in this action;" and affirmed the order of the General Term reducing the allowance to five per centum upon the value of the plaintiff's one-fourth interest.

The judgment should be modified by reducing the extra allowance to five per centum on the amount of the recovery named in the judgment, without costs to either party.

All concurred.

Judgment modified by reducing the extra allowance to five per cent on amount of recovery, and as modified, together with the order denying defendant's motion for a new trial, affirmed, without costs.