## SCHNEIDER v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

COSTS—ADDITIONAL ALLOWANCE—WHEN PROPER.

> Where, on appeal, it was decided that a common council could not arbitrarily set aside the report of commissioners who had awarded damages for land to be taken for a street, but it was not decided that it might not do so after a hearing provided for by the city charter, the subject-matter involved was not susceptible of estimation, and hence an extra allowance of costs was improper.

Appeal from special term, Monroe county.

Action by Matilda Schneider against the city of Rochester. From an order denying a motion for an additional allowance of costs on the ground that the court lacked the power, as a money value could not be placed on the subject-matter involved, plaintiff appeals. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Elbridge L. Adams, for appellant.
Porter M. French, for respondent.

SPRING, J. The plaintiff owned a tract of land in the city of Rochester which the municipality desired to condemn for a street. Commissioners were duly selected, and presented their report to the common council, awarding to her damages in the sum of $40,000. It then became the duty of that body to "assign a time for hearing objections to the confirmation thereof, and at the time assigned shall hear the allegations of all persons interested, and may take proof in relation thereto from time to time, and shall confirm the said report or may set the same aside and refer the matter to the same or to new commissioners to be appointed by the said court as before, who shall thereupon proceed as hereinbefore provided. But the common council may set aside this report and abandon said improvement at

any time before the final confirmation of the assessment roll herein-after mentioned." Section 179, c. 14, Laws 1880, and the acts amendatory thereto, which is the revised charter of the city of Rochester. The common council did fix a date for the hearing, but, without any proof being presented, adopted a resolution summarily setting aside such report, and referring the matter to new commissioners, and directed the city attorney to apply to the court for their appointment. A suit in equity was thereupon commenced by the plaintiff to restrain the defendant from applying for new commissioners to reappraise her damages, and impugning the right of the common council to set aside the report already filed. After much litigation, the case was finally decided by the court of appeals in favor of the plaintiff. 160 N. Y. 165, 54 N. E. 721. It is significant, however, in the determination of this motion to note that the court of appeals did not decide that the common council lacked the power, after the hearing provided for in section 179 of the city charter, to set aside the report of the commissioners. It limited its decision to holding that the exercise of this power arbitrarily, without rhyme or reason, was not within the legitimate scope of its authority. As was said at page 170, 160 N. Y., and page 722, 54 N. E.:

"Thus the precise point presented is whether, upon the filing of the report, the common council could set it aside, and have a new commission appointed upon its own motion, and without any proof or allegation other than the bare statements of one of its members and the city attorney that the award was excessive."

Again, the court carefully abstain from maintaining that the common council could not set aside this report after a hearing, saying at page 174, 160 N. Y., and page 723, 54 N. E.:

"Therefore it is unnecessary to hold that under no circumstances could the common council set aside the report on motion of the city, and direct an application for the appointment of a second commission. That question we need not decide. What we do decide is that under the circumstances of this case the common council could not, without other allegations and sufficient proof, arbitrarily set aside the report of one commission, and authorize the appointment of another. So far as we have found any direct authority upon the subject, it seems to sustain the conclusion we have reached."

The only question passed upon by the court of appeals was the regularity of the method adopted by the common council, and that was held to be an excessive or wanton exercise of the authority vested in it. But, under the decision of the court of appeals, the city could bring up in review the report of the commissioners, and upon a proper hearing its common council could still vacate that report, and, as its power is quasi judicial, its determination could not be disturbed unless there was an abuse of the discretion committed to it. "The subject-matter involved" was not the sum awarded, for that was subject to future variation. The effect of the decision was not to entitle the plaintiff to a fixed sum, or to the restoration of the land unburdened by the easement, which presumptively is equivalent to the pecuniary award. The matter of the retention of the award, the selection of the appraisers, or the abandonment of the proceedings were still left open, unaffected by the decision of the court of appeals, except that the common council could not capriciously, and without some

facts to justify it, set aside such report. A very different question would be presented had the court of appeals decided that no power was vested in the common council to set aside the report of the commissioners. The effect of the decision then would have been to entitle the plaintiff unqualifiedly to the sum awarded, unless the city legislature elected to abandon the proceeding, and restore the land to her which would have stood for the money. The authorities relied upon by the appellant's counsel would then be pertinent. The victory in the court of appeals was a barren one. With the right remaining in the common council to pass upon the report of the commissioners judicially, she must still run the gauntlet of that body; and it appears a rehearing was in fact directed before it. The action was difficult and extraordinary, and, if "the subject-matter involved" was susceptible of estimation by a pecuniary value, an additional compensation would be very proper; but the rule is specific that, though a possible money value may accrue incidentally, it does not warrant the granting of an extra allowance of costs to the successful party. People v. Adams, 128 N. Y. 129, 27 N. E. 1075; Husted v. Thomson, 38 App. Div. 315, 57 N. Y. Supp. 9.

The order is affirmed, with $10 costs and disbursements to the respondent. All concur.