FLORENCE F. HATHORN and ANNIE L. ALLERDICE, as Administratrices with the Will Annexed of FRANK H. HATHORN, Deceased, and WILLIAM A. HATHORN, as Executor, etc., of EMILY H. HATHORN, Deceased, Respondents, *v.* NATURAL CARBONIC GAS COMPANY, Appellant.

Third Department, July 2, 1917.

Costs — basis for extra allowance in suit to restrain taking of water from plaintiffs' spring — value of " subject-matter involved."

Where, in an action to restrain the defendant from accelerating and increasing the flow of mineral waters on its own premises, thereby substantially diminishing the flow of such waters from the spring owned by the plaintiffs, a claim for damages is waived at the trial, such claim cannot be made the basis for an extra allowance which must, if sustained, be . based on " the value of the subject-matter involved."

An additional allowance cannot be granted except upon the basis of the value of a claim or subject-matter involved in the action and litigated directly and not incidentally.

The pecuniary loss sustained by the defendant by reason of the injunction supported by affidavits of the plaintiffs cannot be made the basis for an additional allowance of costs, and the fact that said affidavits were used on a motion for a preliminary injunction is immaterial.

There being no evidence of the value of plaintiffs' right to an unobstructed flow of water from their spring, their motion for an additional allowance should be denied.

KELLOGG, P. J., and LYON, J., dissented, with opinion.

APPEAL by the defendant, Natural Carbonic Gas Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 22d day of January, 1917, granting plaintiffs an extra allowance of costs.

*Morris & Plante* [*Guthrie B. Plante* and *Charles E. Mahony* of counsel], for the appellant.

*Rockwood & McKelvey* [*L. B. McKelvey* of counsel], for the respondents.

COCHRANE, J.:

This action was brought by the predecessors of the plaintiffs to restrain the defendant from accelerating and increasing by means of pumps and other apparatus the flow of mineral

waters on its own premises, thereby substantially diminishing the flow of such water from the spring of the predecessors of the respondents. The action was before the Court of Appeals on the question of the sufficiency of the complaint and the propriety of a preliminary injunction and was reported in 194 New York, 326. The action has since been tried and has resulted in a judgment in favor of the plaintiffs restraining the defendant in its pumping operations. (See 179 App. Div. 948.)

An additional allowance of $1,000 was made to the plaintiffs and the defendant appeals from the order allowing the same on the ground that there is no basis for an allowance. The allowance must be computed " upon the sum recovered or claimed or the value of the subject-matter involved." (Code Civ. Proc. § 3253.)

In the complaint $100,000 damages were claimed, but damages were waived at the trial and such claim cannot, therefore, be made the basis for an allowance. (*Deuterman* v. *Gainsborg*, 54 App. Div. 575.) The plaintiffs, therefore, must sustain the allowance on the theory that it is based on " the value of the subject-matter involved."

It is well established that there is no power to grant an additional allowance except upon the basis of the value of a claim or subject-matter involved in the action and litigated directly and not incidentally. (*People ex rel. Winans* v. *Adams*, 128 N. Y. 129.)

In *Conaughty* v. *Saratoga County Bank* (92 N. Y. 401) it is said: " It is apparent that the word involved is used in a legal sense, and means the possession, ownership or title to property or other valuable thing which is to be determined by the result of the action. It does not mean the property which may be either directly or remotely affected by the result, as such a rule would from its vagueness and uncertainty be impracticable in application. The cases uniformly seem to sustain this view."

The basis for the allowance adopted by the Special Term was the amount of damages which when the injunction *pendente lite* was granted, the defendant claimed it would sustain as a result thereof. The plaintiffs were required to give an undertaking in the sum of $20,000. The defendant claimed that this undertaking was insufficient in amount and

that large damages would be sustained by it in consequence of the injunction, and on such affidavits and statements the court has deduced " the value of the subject-matter involved." There is no evidence of the value of the plaintiffs' right to an unobstructed flow of water from their spring.

Clearly the damages of the defendant are entirely unrelated to the damages of the plaintiffs and such damages do not measure the value of the subject-matter involved. They constitute no part of the litigation and were not investigated or even incidentally involved at the trial. In no aspect of the case could those damages have been properly determined. If the judgment had been favorable to the defendant such damages would have been the subject of subsequent investigation and action (Code Civ. Proc. §§ 623, 625), and in such an action they would have constituted the basis for an allowance.

In *People* v. *Page* (39 App. Div. 110) the defendant was enjoined in the construction of a dam across the Mohawk river. The court said: " We are of the opinion that the subject-matter of the litigation is the right of the State to have the waters of the Mohawk river flow free and unobstructed. There is no proof of the value of that right, and, therefore, no basis for the extra allowance and none should be allowed."

*Lattimer* v. *Livermore* (72 N. Y. 174) was an action to restrain defendant from encroaching by an extension of his own building upon an easement of the plaintiff, and the court said: " The easement was the subject-matter involved in the litigation, and its value was proper as the basis of the allowance."

In an action to determine the validity of a lease of a railroad it has been held that the subject-matter involved was the value of the lease and not the rental value of the railroad although evidence of such value was present. (*Ogdensburgh & Lake Champlain R. R. Co.* v. *Vermont & Canada R. R. Co.*, 63 N. Y. 176.)

In an action by a legatee to compel an accounting the value of the legatee's interest and not the amount of the estate was held to be the subject-matter involved. (*Weaver* v. *Ely*, 83 N. Y. 89.)

In an action to establish the right of the plaintiff to one-quarter of a lease of real estate belonging to a firm of which

he was a member, it was held that the plaintiff's one-quarter interest in the lease was the only basis for an allowance. (*Struthers* v. *Pearce*, 51 N. Y. 365.)

In an action to restrain the defendant from manufacturing friction matches an order granting an allowance was reversed, although the case disclosed abundant evidence of depreciation in defendant's property by reason of the injunction. (*Diamond Match Company* v. *Roeber*, 35 Hun, 421.)

In an action for an accounting it is the plaintiff's net interest in the result of the transactions disclosed by the accounting which constitutes the basis for an allowance. (*Weidenfeld* v. *Byrne*, 113 App. Div. 410.)

The foregoing authorities seem to establish that the court had no power to make the allowance in question. It certainly is a unique theory that in an action for an injunction when the plaintiff has succeeded he may present affidavits of the pecuniary loss which his opponent sustains by reason of the injunction and make that the basis for an additional allowance of costs. That is in effect precisely what has been done here. The fact that these affidavits were used on a motion for a preliminary injunction has no bearing on this question. If such a motion had not been made the plaintiffs could supply affidavits to the same effect for the purpose of procuring an allowance if the allowance here made is to prevail. And if they could do so the defendant could do the same if it had prevailed in the action. Furthermore, if the plaintiffs had recovered damages they would not be limited to such a recovery as the basis for an allowance but could still allege the defendant's pecuniary loss due to the injunction as a basis for an allowance in addition to their own recovery of damages. Both in reason and on authority no allowance can be granted on the basis adopted herein.

The order should be reversed, without costs, and the motion denied, without costs.

All concurred, except KELLOGG, P. J., dissenting in opinion in which LYON, J., concurred.

KELLOGG, P. J. (dissenting):

Concededly the case was difficult and extraordinary and, considering the history of the case, the allowance is very

moderate. The findings show that the interests represented by the plaintiffs owned certain lands in Saratoga Springs, N. Y., upon which is the famous Hathorn spring, a valuable mineral spring having certain medicinal properties, and that a large business had been established in supplying waters to the public at the spring and in bottling, preparing for market and selling said water, and the owners had erected, at considerable expense, large and costly buildings, and had installed therein machinery and apparatus for use in said business. The defendant owns certain real estate near by, and is engaged day and night in pumping mineral water with deep well pumps from its spring and extracting carbonic acid gas therefrom, the water going to waste. The findings show that such action was in violation of the plaintiffs' rights and the statutes of the State, and " the spring upon plaintiffs' lands was depleted and destroyed and the plaintiffs were deprived of the uses and benefits thereof, and were at the time of the commencement of this action suffering great and irreparable injury, for which they had no adequate remedy at law, and to prevent the continuance of which they were entitled to a permanent injunction forbidding, enjoining and restraining the aforesaid acts of the defendant."

The springs were so related to each other, and to the other mineral springs in the vicinity, that the effect of pumping out defendant's springs was disastrous to the plaintiffs' spring and the other springs. The relief sought by the plaintiffs was to enjoin the defendant from carrying on the pumping operations on its premises. Apparently the injury to the plaintiffs' spring depended upon the amount and manner of pumping at defendant's springs, and we may fairly assume from the findings and the record that any such illegal pumping at the defendant's springs affected more or less the plaintiffs' spring. The subject-matter of the action, therefore, was the right of the defendant to carry on its operations upon its premises — the right to pump its springs. The object of the action was to condemn the defendant's business as illegal and to destroy it, and the value of that business formed a proper basis for an allowance. The business and its value was the value of the subject-matter involved. *Conaughty* v. *Saratoga County Bank* (92 N. Y. 401) fully sustains the plaintiffs'

position. There it was sought to restrain a corporation from exercising its corporate franchise and the corporation succeeded. An additional allowance was based upon the value of the corporate property. The Court of Appeals held that an improper basis, for the reason that, if the corporation was dissolved, the corporate property still remained to the parties who owned the corporation, and that the result of a permanent injunction would only be to destroy the use of the franchise, and that the value of the subject of the action was the value of the corporate franchise and not the value of the corporate property, the court saying: "The retention of the corporate franchise simply continued the right to carry on its corporate business. This right might or might not have been valuable. There is no evidence on the subject. We are not aware of any rule of presumption as to the value of a corporate franchise. It is a thing capable of appraisal, and ascertainable by evidence, and is frequently made the subject of taxation by the sovereign power. It is a right separate and distinct from the capital and moneyed assets of a corporation, and as to the value of which they furnish no evidence. It was this franchise alone which was the subject-matter involved in this litigation, and which was thereby determined, and whose value can be used in determining the amount of an allowance of costs."

If, however, it should be considered that the value of the plaintiffs' spring and plant represents the value of the subject-matter involved, the allowance may be sustained. The judge making it had tried the case and was familiar with the facts.

To quite an extent the granting of these allowances, and the manner of their computation, rest in the sound discretion of the court, and an exact determination of facts is not required. The requirement is that substantial justice shall be done and that there shall be some reasonable basis upon which the percentage may be computed. The character of the litigation was such that the allowance is extremely moderate, and the court should not be solicitous to find a reason for vacating it. It should be sustained unless there is an absolute want of any proper basis for computation.

The Saratoga springs have a national reputation, and the court may take judicial notice of that fact and that such

waters have valuable medicinal qualities and that the Hathorn spring is a celebrated and valuable spring, and that the destruction of the spring must bring to its proprietors and the public a great loss. The court has affirmatively found that the loss would be irreparable. The general knowledge which we are assumed to have of these springs and of this spring would not permit a court to say that if the only question involved was the value of the spring that a valuation of $20,000 could be said to be without foundation. I favor an affirmance.

LYON, J., concurred.

Order reversed, without costs, and motion denied, without costs.