Elna Realty Co., Inc., and Others, Plaintiffs, *v.* Mamaquarro Apartments Corporation, Defendant.*

Supreme Court, Westchester County, April 4, 1931; on motion for extra allowance, May 7, 1931.

*Humphrey J. Lynch,* for the plaintiffs.

*Clark & Davis [Alfred M. Bailey* of counsel], for the defendant.

Morschauser, J.   This is an action in equity wherein the plaintiffs seek the reformation of certain contracts and a deed affecting certain parcels of real estate exchanged between the plaintiff corporation and the defendant corporation, which real estate at time of exchange was subject to liens of mortgages incumbering the same, which were deducted from the agreed valuation of the property for the purpose of determining the respective equities of the owners. The properties which were the subject of exchange were known as the Harding avenue property and Mamaroneck avenue property.

Plaintiffs also seek the reformation of a certain purchase-money mortgage given by the plaintiff corporation to defendant corporation in the sum of $65,000, which represented a part of the difference in the agreed valuation of the equities of the parties after making

---

* See, also, 234 App. Div. 105.

allowance for the mortgages which were then a lien upon the properties exchanged.

The theory of the plaintiffs was that at or about the time of the signing of the informal agreement of exchange of properties (Plaintiffs' Exhibit 1) a conversation was had between the president and treasurer of the defendant corporation and the president of the plaintiff corporation whereby it was agreed that, upon exchange of the properties mentioned in the agreement, the defendant corporation would use the $25,000 to be paid as part of the exchange or purchase price by the plaintiff corporation to a reduction of the second mortgages on the properties mentioned in said agreement, would assume the payment of said mortgages, and relieve the plaintiffs from all responsibility in connection therewith.

No mention of such an agreement was incorporated in the formal contract (Plaintiffs' Exhibit 2).

The parties subsequently met, and deeds to the properties mentioned (Plaintiffs' Exhibits 3 and 4) were exchanged and no mention of any agreement was incorporated therein. The deed provides that the defendant corporation shall take the property subject to the first and second mortgages then a lien thereon; nor was anything said about any such agreement, upon which plaintiffs now rely, to the very able attorney then representing the plaintiffs.

This case may be determined upon the question whether the officers of the defendant corporation made an oral agreement with the plaintiff corporation prior to or at the time of the execution of the informal agreement of exchange (Exhibit No. 1) on the 27th day of November, 1928, that the defendant corporation would apply the $25,000 cash paid to it by the plaintiff corporation toward a liquidation of the eight second mortgages then a lien on the Harding avenue property, and assume the payment of said mortgages and hold the plaintiff corporation harmless from any liability in connection with said second mortgages.

The $25,000 cash item paid by the plaintiff corporation to the defendant represents a part of the difference between the equities in the properties exchanged. The total amount of that difference is $90,000, which was in favor of the defendant, and the balance thereof ($65,000) was made up by a purchase-money mortgage.

The claim of the plaintiffs that the said sum of $25,000 was to be used by said defendant in reducing the eight second mortgages on the Harding avenue property is not supported by believable evidence. These second mortgages were payable in installments, although the unpaid principal on each mortgage was due on May 5, 1929 — a few months after the transaction was closed and the deeds delivered. If the parties really intended to have said sum of

$25,000 applied in the manner claimed by the plaintiffs, it is reasonable to assume that said reduction would have been effected on or before the date of closing; or the amount would have been placed in the  hands of a trustee to be used for the purpose contemplated by the parties.

I find that no such oral agreement as claimed by the plaintiffs was ever made.  The parties each agreed to take the respective property of the other as they found it subject to the mortgages, then a lien upon them, and this conclusion is supported by the overwhelming weight of evidence in this case.

I find for the defendant, with costs.

## On Motion for Extra Allowance.

The question herein for determination is whether the action was " a difficult and extraordinary case " (Civ. Prac. Act, § 1513), and, if so, should the court in the exercise of its discretion award to the defendant a further sum as extra allowance.

The action was heard twice, because in the first trial the findings were not signed or passed upon by the learned trial justice before his death.

It was necessary then to have a second trial, and in that the defendant succeeded, while on the first trial it was defeated.

There was nothing difficult or extraordinary about this case, nor were there any expenses incurred by the defendant in the defense beyond those which are usually necessary.  (*Cohen* v. *Texas Co.*, [D. C.] 23 F. [2d] 128.)

It appears that the issues of fact were clearly defined and the evidence introduced that made for extra work and some additional expenditures, but that does not warrant the granting of an additional allowance.  (*Frey* v. *New York Cent. & H. R. R. R. Co.*, 114 App. Div. 623; *Swan* v. *Stiles*, 94 id. 117; *Blackwell* v. *Finlay*, 196 id. 436; *Nassau National Bank* v. *Paul*, 223 id. 733; affd., 248 N. Y. 650; *Coon* v. *Springfield Fire & Marine Ins. Co.*, 198 N. Y. Supp. 317; *Leask* v. *McCarty*, 147 App. Div. 796; *Diamond Expansion Bolt Co.* v. *United States Expansion Bolt Co.*, 177 id. 554.)

Pecuniary loss which defendant has sustained may not be made a basis for an additional allowance.  (*Hathorn* v. *Natural Carbonic Gas Co.*, 179 App. Div. 425; *Deuterman* v. *Gainsborg*, 9 id. 151.)

Motion for an extra allowance under section 1513 of the Civil Practice Act should be denied.